

UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 19  3283 |
| **Plaintiff** | |
| | CIVIL NO. |
| vs. | |
| | |
| **Alcazar Networks, Inc.** | |
| | |
| **Defendant** | |

## COMPLAINT

The United States of America, on behalf of its Agency, the Department of Treasury Bureau of the Fiscal Service, by its specially appointed counsel, Rebecca A. Solarz of KML LAW GROUP, P.C., represents as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. 1345.

2. The last-known address of the Defendant, Alcazar Networks, Inc. ("Defendants") is 6366 Hamilton Blvd, Suite B 269, Allentown, PA 18106.

3. That the defendant is indebted to the plaintiff in principal amount of $7,021.18, plus interest of $2,422.91, plus penalty fees of $2,153.67, plus administrative costs of $4,184.76 for a total of $15,782.52. A true and correct copy of the Certificate of Indebtedness is attached as Exhibit "A" ("Certificate of Indebtedness").

4. That the defendant is indebted to the plaintiff in principal amount of $7,021.18, plus interest of 2,377.44, plus penalty fees of $2,113.29, plus administrative

costs of $4,153.78 for a total of $15,665.69. A true and correct copy of the Certificate of Indebtedness is attached as Exhibit "A" ("Certificate of Indebtedness").

5. That the defendant is indebted to the plaintiff in principal amount of $5,927.91, plus interest of $1,973.28, plus penalty fees of $1,754.02, plus administrative costs of $3,483.84 for a total of $13,139.05. A true and correct copy of the Certificate of Indebtedness is attached as Exhibit "A" ("Certificate of Indebtedness").

6. That the defendant is indebted to the plaintiff in principal amount of $5,927.91, plus interest of $1,942.57, plus penalty fees of $1,726.72, plus administrative costs of $3,462.90 for a total of $13,060.10. A true and correct copy of the Certificate of Indebtedness is attached as Exhibit "A" ("Certificate of Indebtedness").

7. That the defendant is indebted to the plaintiff in principal amount of $5,927.91, plus interest of $1,905.30, plus penalty fees of $1,693.59, plus administrative costs of $3,437.51 for a total of $12,964.31. A true and correct copy of the Certificate of Indebtedness is attached as Exhibit "A" ("Certificate of Indebtedness").

8. That the defendant is indebted to the plaintiff in principal amount of $400.00, plus interest of $126.27, plus penalty fees of $112.24, plus administrative costs of $230.39 for a total of $868.90. A true and correct copy of the Certificate of Indebtedness is attached as Exhibit "A" ("Certificate of Indebtedness").

9. That the defendant is indebted to the plaintiff in principal amount of $55.16, plus interest of $101.13, plus penalty fees of $0.14, plus administrative costs of $92.43 for a total of $248.86. A true and correct copy of the Certificate of Indebtedness is attached as Exhibit "A" ("Certificate of Indebtedness").

10. That the defendant is indebted to the plaintiff in principal amount of $100.00, plus interest of $31.01, plus penalty fees of $27.58, plus administrative costs of $57.22 for a total of $215.81. A true and correct copy of the Certificate of Indebtedness is attached as Exhibit "A" ("Certificate of Indebtedness").

11. That the defendant is indebted to the plaintiff in principal amount of $100.00, plus interest of $30.44, plus penalty fees of $27.06, plus administrative costs of $56.83 for a total of $214.33. A true and correct copy of the Certificate of Indebtedness is attached as Exhibit "A" ("Certificate of Indebtedness").

12. That the defendant is indebted to the plaintiff in principal amount of $321.52, plus interest of $78.31, plus penalty fees of $71.29, plus administrative costs of $169.99 for a total of $641.11. A true and correct copy of the Certificate of Indebtedness is attached as Exhibit "A" ("Certificate of Indebtedness").

13. That the defendant is indebted to the plaintiff in principal amount of $200.00, plus interest of $48.60, plus penalty fees of $43.21, plus administrative costs of $105.29 for a total of 397.10. A true and correct copy of the Certificate of Indebtedness is attached as Exhibit "A" ("Certificate of Indebtedness").

14. Demand has been made upon Defendant by Plaintiff for the sum due but the amount due remains unpaid.

WHEREFORE, the plaintiff demands judgment against Defendant as follows;

(A) In the amount $73,197.78.

(B) Plus filing fee allowed pursuant to 28 U.S.C., Section 1914 in the sum of $150.00.

(C) Interest from the date of judgment at the legal rate of interest in effect on the date of judgment until paid in full.

(D) Costs of suit.

Notice is hereby given to Defendant that Plaintiff intends to seek satisfaction of any judgment rendered in it favor in this action from any debt accruing.

<div style="text-align: right;">

United States of America by and through
its specially appointed counsel
KML Law Group, P.C.

By: _____
Rebecca A. Solarz, Esquire
BNY Independence Center
701 Market Street
Suite 5000
Philadelphia, PA 19106-1532
(215)825-6327
RSolarz@kmllawgroup.com

</div>

UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br>                    **Plaintiff** <br><br> vs. <br><br> Alcazar Networks, Inc. <br><br>                    **Defendants** | **CIVIL NO.** |

# EXHIBITS

## "A"  CERTIFICATE OF INDEBTEDNESS



U.S. DEPARTMENT OF THE TREASURY
BUREAU OF THE FISCAL SERVICE
WASHINGTON, DC 20227

ACTING ON BEHALF OF
FEDERAL COMMUNICATIONS COMMISSION
<u>CERTIFICATE OF INDEBTEDNESS</u>

Alcazar Networks, Inc.
6366 Hamilton Blvd, Suite B 269
Allentown, PA 18106
EIN: 57-1145291

I hereby certify, as part of my duties with the U.S. Department of the Treasury (Treasury), including referring matters to the U.S. Department of Justice (DOJ) for litigation, I am a custodian of records of certain files sent by the Federal Communications Commission (FCC) to Treasury for collection actions. As a custodian of records for Treasury, I have care and custody of records relating to the eleven (11) debts owed by Alcazar Networks, Inc., (DEBTOR) to FCC.

The information contained in this Certificate of Indebtedness is based on documents created by an employee or contractor of FCC based on his/her knowledge at or near the time the events were recorded, including the review of the delinquency of overpayments, or by an employee or contractor of Treasury based on his/her knowledge at or near the time the events were recorded, including the review of the delinquency of overpayments. Treasury's regular business practice is to receive, store and rely on the documents provided by FCC, when, debts are referred to Treasury for collection activities, including litigation.

Further, I certify that I am familiar with Treasury's record keeping practices, including the receipt of files from FCC.

███████████████████████ - Case #1
On March 17 2014, FCC determined the DEBTOR was delinquent for regulatory fees for fiscal year 2012 – 2013, in the amount, of $7,021.18 with an annual interest rate of 6.75% and an annual penalty rate of 6.00%. FCC sent the DEBTOR letters advising of the delinquency and requesting payment to no avail. FCC referred the claims to Treasury's Bureau of the Fiscal Service, Debt Management Services (DMS) for litigation and collection on September 4, 2014.

On March 22, 2019, DMS referred the claim to DOJ for litigation and collection in the amount due of $7,021.18 with daily interest of $1.29 and daily penalty of $1.15 as of April 17, 2019, the DEBTOR is indebted to the United States in the amounts stated as follows:

| | |
|---|---|
| Principal: | $ 7,021.18 |
| Interest (@6.75%): | $ 2,422.91 |
| Penalty (@6.00%): | $ 2,153.67 |
| Administrative Costs: | $ 4,184.76 |
| **Total:** | **$ 15,782.52** |

1



U.S. DEPARTMENT OF THE TREASURY
BUREAU OF THE FISCAL SERVICE
WASHINGTON, DC 20227

ACTING ON BEHALF OF
FEDERAL COMMUNICATIONS COMMISSION
<u>CERTIFICATE OF INDEBTEDNESS</u>

███████████████████████████

On April 17, 2014, FCC determined the DEBTOR was delinquent for regulatory fees for fiscal year 2012 – 2013, in the amount, of $7,021.18 with an annual interest rate of 6.75% and an annual penalty rate of 6.00%. FCC sent the DEBTOR letters advising of the delinquency and requesting payment to no avail. FCC referred the claims to Treasury's Bureau of the Fiscal Service, Debt Management Services (DMS) for litigation and collection on September 11, 2014.

On March 22, 2019, DMS referred the claim to DOJ for litigation and collection in the amount due of $7,021.18 with daily interest of $1.29 and daily penalty of $1.15 as of April 17, 2019, the DEBTOR is indebted to the United States in the amounts stated as follows:

| | |
|---|---|
| Principal: | $ 7,021.18 |
| Interest (@ 6.75%): | $ 2,377.44 |
| Penalty (@6.00%): | $ 2,113.29 |
| Administrative Costs: | $ 4,153.78 |
| **Total:** | **$ 15,665.69** |

███████████████████████████

On May 15, 2014, FCC determined the DEBTOR was delinquent for regulatory fees for fiscal year 2012 – 2013, in the amount, of $5,927.91 with an annual interest rate of 6.75% and an annual penalty rate of 6.00%. FCC sent the DEBTOR letters advising of the delinquency and requesting payment to no avail. FCC referred the claims to Treasury's Bureau of the Fiscal Service, Debt Management Services (DMS) for litigation and collection on November 4, 2014.

On March 22, 2019, DMS referred the claim to DOJ for litigation and collection in the amount due of $5,927.91 with daily interest of $1.09 and daily penalty of $0.97 as of April 17, 2019, the DEBTOR is indebted to the United States in the amounts stated as follows:

| | |
|---|---|
| Principal: | $ 5,927.91 |
| Interest (@ 6.75%): | $ 1,973.28 |
| Penalty (@6.00%): | $ 1,754.02 |
| Administrative Costs: | $ 3,483.84 |
| **Total:** | **$ 13,139.05** |



U.S. DEPARTMENT OF THE TREASURY
BUREAU OF THE FISCAL SERVICE
WASHINGTON, DC 20227

ACTING ON BEHALF OF
FEDERAL COMMUNICATIONS COMMISSION
CERTIFICATE OF INDEBTEDNESS

■■■■■■■■■■■■■■■■■■ Case #4

On June 15, 2014, FCC determined the DEBTOR was delinquent for regulatory fees for fiscal year 2012 – 2013, in the amount, of $5,927.91 with an annual interest rate of 6.75% and an annual penalty rate of 6.00%. FCC sent the DEBTOR letters advising of the delinquency and requesting payment to no avail. FCC referred the claims to Treasury's Bureau of the Fiscal Service, Debt Management Services (DMS) for litigation and collection on November 18, 2014.

On March 22, 2019, DMS referred the claim to DOJ for litigation and collection in the amount due of $5,927.91 with daily interest of $1.09 and daily penalty of $0.97 as of April 17, 2019, the DEBTOR is indebted to the United States in the amounts stated as follows:

| | |
|---|---|
| Principal: | $ 5,927.91 |
| Interest (@ 6.75%): | $ 1,942.57 |
| Penalty (@6.00%): | $ 1,726.72 |
| Administrative Costs: | $ 3,462.90 |
| **Total:** | **$ 13,060.10** |

■■■■■■■■■■■■■■■■■■ Case #5

On August 15, 2014, FCC determined the DEBTOR was delinquent for regulatory fees for fiscal year 2012 – 2013, in the amount, of $5,927.91 with an annual interest rate of 6.75% and an annual penalty rate of 6.00%. FCC sent the DEBTOR letters advising of the delinquency and requesting payment to no avail. FCC referred the claims to Treasury's Bureau of the Fiscal Service, Debt Management Services (DMS) for litigation and collection on December 12, 2014.

On March 22, 2019, DMS referred the claim to DOJ for litigation and collection in the amount due of $5,927.91 with daily interest of $1.10 and daily penalty of $0.97 as of April 17, 2019, the DEBTOR is indebted to the United States in the amounts stated as follows:

| | |
|---|---|
| Principal: | $ 5,927.91 |
| Interest (@ 6.75%): | $ 1,905.30 |
| Penalty (@6.00%): | $ 1,693.59 |
| Administrative Costs: | $ 3,437.51 |
| **Total:** | **$ 12,964.31** |



U.S. DEPARTMENT OF THE TREASURY
BUREAU OF THE FISCAL SERVICE
WASHINGTON, DC 20227

ACTING ON BEHALF OF
FEDERAL COMMUNICATIONS COMMISSION
<u>CERTIFICATE OF INDEBTEDNESS</u>

███████████████████████ – Case #6

On August 15, 2014, FCC determined the DEBTOR was delinquent for regulatory fees for fiscal year 2012 - 2013 in the amount of $400.00 with an annual interest rate of 6.75% and an annual penalty rate of 6.00%. FCC sent the DEBTOR letters advising of the delinquency and requesting payment to no avail. FCC referred the claims to Treasury's Bureau of the Fiscal Service, Debt Management Services (DMS) for litigation and collection on December 12, 2014.

On March 22, 2019, DMS referred the claim to DOJ for litigation and collection in the amount due of $400.00 with daily interest of $0.07 and daily penalty of $0.06 as of April 17, 2019, the DEBTOR is indebted to the United States in the amounts stated as follows:

| | |
|---|---|
| Principal: | $ 400.00 |
| Interest (@ 6.75%): | $ 126.27 |
| Penalty (@6.00%): | $ 112.24 |
| Administrative Costs: | $ 230.39 |
| **Total:** | **$ 868.90** |

███████████████████████ – Case #7

On August 22, 2014, FCC determined the DEBTOR was delinquent for regulatory fees for fiscal year 2012 - 2013 in the amount of $55.16 with an annual interest rate of 6.00% and an annual penalty rate of 6.00%. FCC sent the DEBTOR letters advising of the delinquency and requesting payment to no avail. FCC referred the claims to Treasury's Bureau of the Fiscal Service, Debt Management Services (DMS) for litigation and collection on December 18, 2014.

On March 22, 2019, DMS referred the claim to DOJ for litigation and collection in the amount due of $55.16 with daily interest of $0.00 and daily penalty of $0.00 as of April 17, 2019, the DEBTOR is indebted to the United States in the amounts stated as follows:

| | |
|---|---|
| Principal: | $ 55.16 |
| Interest (@ 0.06%): | $ 101.13 |
| Penalty (@0.06%): | $ 0.14 |
| Administrative Costs: | $ 92.43 |
| **Total:** | **$ 248.86** |

4



U.S. DEPARTMENT OF THE TREASURY
BUREAU OF THE FISCAL SERVICE
WASHINGTON, DC 20227

ACTING ON BEHALF OF
FEDERAL COMMUNICATIONS COMMISSION
<u>CERTIFICATE OF INDEBTEDNESS</u>

███████████████████████ – Case #8

On September 15, 2014, FCC determined the DEBTOR was delinquent for regulatory fees for fiscal year 2012 - 2013 in the amount of $100.00 with an annual interest rate of 6.75% and an annual penalty rate of 6.00%. FCC sent the DEBTOR letters advising of the delinquency and requesting payment to no avail. FCC referred the claims to Treasury's Bureau of the Fiscal Service, Debt Management Services (DMS) for litigation and collection on January 9, 2015.

On March 22, 2019, DMS referred the claim to DOJ for litigation and collection in the amount due of $100.00 with daily interest of $0.02 and daily penalty of $0.01 as of April 17, 2019, the DEBTOR is indebted to the United States in the amounts stated as follows:

| | | |
|---|---|---|
| Principal: | $ | 100.00 |
| Interest (@ 6.75%): | $ | 31.01 |
| Penalty (@6.00%): | $ | 27.58 |
| Administrative Costs: | $ | 57.22 |
| **Total:** | **$** | **215.81** |

███████████████████████ – Case #9

On October 15, 2014, FCC determined the DEBTOR was delinquent for regulatory fees for fiscal year 2012 - 2013 in the amount of $100.00 with an annual interest rate of 6.75% and an annual penalty rate of 6.00%. FCC sent the DEBTOR letters advising of the delinquency and requesting payment to no avail. FCC referred the claims to Treasury's Bureau of the Fiscal Service, Debt Management Services (DMS) for litigation and collection on February 2, 2015.

On March 22, 2019, DMS referred the claim to DOJ for litigation and collection in the amount due of $100.00 with daily interest of $0.02 and daily penalty of $0.01 as of April 17, 2019, the DEBTOR is indebted to the United States in the amounts stated as follows:

| | | |
|---|---|---|
| Principal: | $ | 100.00 |
| Interest (@ 6.75%): | $ | 30.44 |
| Penalty (@6.00%): | $ | 27.06 |
| Administrative Costs: | $ | 56.83 |
| **Total:** | **$** | **214.33** |

███████████████████████ – Case #10

On July 15, 2015, FCC determined the DEBTOR was delinquent for regulatory fees for fiscal year 2014 in the amount of $321.52 with an annual interest rate of 6.75% and an annual penalty rate of 6.00%. FCC sent the DEBTOR letters advising of the delinquency and requesting payment to no avail. FCC referred the claims to Treasury's Bureau of the Fiscal Service, Debt Management Services (DMS) for litigation and collection on December 9, 2015.

Case 5:19-cv-03283-JFL Document 1 Filed 07/26/19 Page 11 of 11



U.S. DEPARTMENT OF THE TREASURY
BUREAU OF THE FISCAL SERVICE
WASHINGTON, DC 20227

ACTING ON BEHALF OF
FEDERAL COMMUNICATIONS COMMISSION
CERTIFICATE OF INDEBTEDNESS

On March 22, 2019, DMS referred the claim to DOJ for litigation and collection in the amount due of $321.52 with daily interest of $0.06 and daily penalty of $0.05 as of April 17, 2019, the DEBTOR is indebted to the United States in the amounts stated as follows:

| | |
|---|---|
| Principal: | $ 321.52 |
| Interest (@ 6.75%): | $ 78.31 |
| Penalty (@6.00%): | $ 71.29 |
| Administrative Costs: | $ 169.99 |
| **Total:** | **$ 641.11** |

▬▬▬▬▬▬▬▬▬▬▬▬▬ -- Case #11

On August 14, 2015, FCC determined the DEBTOR was delinquent for regulatory fees for fiscal year 2014 in the amount of $200.00 with an annual interest rate of 6.75% and an annual penalty rate of 6.00%. FCC sent the DEBTOR letters advising of the delinquency and requesting payment to no avail. FCC referred the claims to Treasury's Bureau of the Fiscal Service, Debt Management Services (DMS) for litigation and collection on January 7, 2016.

On March 22, 2019, DMS referred the claim to DOJ for litigation and collection in the amount due of $200.00 with daily interest of $0.03 and daily penalty of $0.03 as of April 17, 2019, the DEBTOR is indebted to the United States in the amounts stated as follows:

| | |
|---|---|
| Principal: | $ 200.00 |
| Interest (@ 6.75%): | $ 48.60 |
| Penalty (@6.00%): | $ 43.21 |
| Administrative Costs: | $ 105.29 |
| **Total:** | **$ 397.10** |

The balances stated in the case(s) listed above are current as of April 17, 2019, including any applicable interest, penalties, administrative fees, and DMS & DOJ fees (pursuant to 31 U.S.C. 3717(e) and 3711(g)(6), (7); 31 C.F.R. 285.12(j) and 31 C.F.R. 901.1(f); and 28 U.S.C. 527, note).

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief based upon information provided by the FCC and information contained in Treasury's records.

Regina Crisafulli
Financial Program Specialist
U.S. Department of the Treasury
Bureau of the Fiscal Service

6

JS 44 (Rev 06/17)   CIVIL COVER SHEET

Case 5:19-cv-03283-JFL Document 1-1 Filed 07/26/19 Page 1 of 3  19-3283

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
The United States of America

### DEFENDANTS
Alcazar Networks, Inc.
6366 Hamilton Blvd
Suite B 269



**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
KML Law Group, P.C. - Rebecca A. Solarz, Esquire
701 Market Street, Ste. 5000, Phila, PA 19106
215-627-1322, RSolarz@kmllawgroup.com

Attorneys *(If Known)*



## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☒ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☒ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1345
Brief description of cause:
Enforced Collections

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

JUL 26 2019

DATE 7/17/19
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

19 3283

Address of Plaintiff: c/o Suite 5000 – BNY Independence Center, 701 Market Street, Philadelphia, PA 19106-1532

Address of Defendant: 6366 Hamilton Blvd Suite B 269 Allentown, PA 18106

Place of Accident, Incident or Transaction: Action of Enforced Collections

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/17/19                             315936
            *Attorney-at-Law / Pro Se Plaintiff*          *Attorney ID # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
☑ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify)* _____

B.  *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record or pro se plaintiff, do hereby certify

☐ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

☐ Relief other than monetary damages is sought.

JUL 26 2019

DATE: _____
            *Attorney-at-Law / Pro Se Plaintiff*          *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ 609 (5/2018)

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>                            Plaintiff<br>vs.<br><br>Alcazar Networks, Inc.<br>                            Defendants | | CIVIL ACTION NO.<br><br>19    3283 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that the defendants do not agree with the plaintiff regarding said designation, that the defendants shall, with their first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which those defendants believe the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks. (X)

_____
Date

_____
Rebecca A. Solarz, Esq.
**Attorney for Plaintiff, United States of America**
Pennsylvania Attorney I.D. No. 315936
Suite 5000   BNY Independence Center
701 Market Street
Philadelphia, PA  19106-1532
(215) 825-6327 (Direct)
rsolarz@kmllawgroup.com

JUL 26 2019